IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LOUVENIA JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 22-2357-KHV-ADM |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants the United States of America and the United States Department of Veterans Affairs' ("VA") Motion to Stay Discovery. (ECF 12.) For the reasons discussed below, the court grants defendants' motion. Discovery is therefore stayed pending the court's ruling on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment.

**I.    BACKGROUND**

On September 9, 2022, pro se plaintiff Louvenia Jackson ("Jackson") filed her complaint in this case asserting claims under the Federal Tort Claims Act ("FTCA"), citing 28 U.S.C. §§ 2671-2680, 1346(b).[1] (ECF 1, at 3.) The civil cover sheet filed with the complaint states that she seeks review of an agency decision under the FTCA and further alleges a tort claim relating to "Assault, Libel & Slander." (ECF 2.) The complaint alleges that a VA physician misdiagnosed her brother and gave him medications that caused an allergic reaction resulting in emergency

---

[1] The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013).

dialysis.  (ECF 1, at 3.)  The complaint also alleges that a VA nurse accosted and harassed Jackson and impeded her "legal obligation to [her] brother" as his conservator and guardian.  (*Id.*)   On October 18, Jackson filed exhibits in support of her complaint.  (ECF 7.)

On December 1, defendants filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim or, in the alternative, for summary judgment (ECF 9, 10) and the current motion to stay discovery pending the court's ruling on their dispositive motion (ECF 12). Defendants argue a stay is appropriate because "the motion to dismiss raises more than one threshold immunity issue" and the "entire case is likely to be concluded by the dispositive motion" for lack of standing and failure to state a plausible claim.  (*Id*. at 4-5.)  Defendants further contend that, even if any of Jackson's claims survive, the dispositive motion will narrow the issues remaining for fact discovery, discovery would not affect resolution of the motion to dismiss, and allowing discovery now would be wasteful and burdensome.  (*Id*. at 5-6.)

## II.     DISCUSSION

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending.  *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).  A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).  Whether to grant a stay of discovery is committed to the trial court's sound discretion.  *See id.* (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  Here, a stay of discovery is appropriate because all of the above considerations favor a stay.

First, the pending motion to dismiss raises a number of immunity issues.  The motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for Jackson's intentional tort claims that defendants contend are excluded from the FTCA's waiver of sovereign immunity (e.g., defamation and interference with Jackson's legal duties and obligations); claims for injuries arising out of activities incident to her brother's military service; and FTCA claims that Jackson did not administratively present.  The motion also seeks dismissal of the VA on the grounds that only the United States is a proper defendant for FTCA claims, and it seeks dismissal of Jackson's punitive damages claim on the grounds that it is barred by sovereign immunity.  (ECF 10 at 3-4, 10-15.)  A defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery.  *Arnold*, 2019 WL 2438677, at *2 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").  Until the "threshold immunity question is resolved, discovery should not be allowed."  *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

The bulk of authority in this district for staying discovery pending the court's resolution of immunity issues involves a defendant's assertion of qualified immunity.  But, here, defendants' pending motion to dismiss asserts *sovereign* immunity, rather than *qualified* immunity.  Regardless, the rationale underlying the propriety of a stay is essentially the same.  *See Audubon of Kansas, Inc. v. United States Dep't of Interior*, No. 21-2025-HLT-JPO, 2021 WL 2515021, at *2-*3 (D. Kan. June 18, 2021) (granting stay where pending motion to dismiss raised jurisdictional sovereign immunity issues that should be resolved before discovery proceeds); *Cicco v. NASA*, No. 18-1164-EFM-TJJ, 2018 WL 5281911, at *2 (D. Kan. Oct. 24, 2018) (granting stay where defendant argued the court lacked subject-matter jurisdiction because there was no waiver of

3

sovereign immunity); *Garrett's Worldwide Enterprises, LLC v. United States*, No. 14-2281-JTM-KMH, 2014 WL 7071713, at *2 (D. Kan. Dec. 12, 2014) (finding stay was appropriate pending a ruling on sovereign immunity). Indeed, the Tenth Circuit has held that, in the context of staying discovery, there is "no logical reason why this rule should not apply where the defendant raises the defense of sovereign immunity." *Liverman v. Comm. on the Judiciary, U.S. House of Representatives*, 51 Fed. Appx. 825, 827-28, 2002 WL 31379892, at *2 (10th Cir. Oct. 23, 2002) (unpublished). Accordingly, the court finds that a stay of discovery here is appropriate to allow an opportunity to resolve defendants' threshold sovereign immunity claims before requiring them to participate in discovery. *See Stewart v. City of Prairie Village*, No. 12-2185-JAR, 2012 WL 5266113, at *1 (D. Kan. Oct. 24, 2012) ("[A] separate and distinct basis for staying discovery exists when a defendant asserts an immunity defense in the form of a dispositive motion.").

Second, defendants' motion to dismiss argues that Jackson fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) Jackson lacks prudential standing to assert a wrongful death claim or a survival claim, (2) she asserts a private right of action upon criminal statutes, and (3) she fails to set forth any other plausible claim against the United States. (*Id*. at 4, 16-22.) After reviewing Jackson's pleading and defendants' dispositive motion, the court agrees that this case is likely to be finally concluded, or at least significantly narrowed, once the court rules on the motion to dismiss. *See Kehler v. Ward*, No. 21-3251-HLT-ADM, 2022 WL 6993001, at *3 (D. Kan. Oct. 12, 2022) (granting motion to stay discovery pending a ruling on defendants' dispositive motion because defendants raised threshold issues of immunity and a ruling "will likely narrow the issues remaining for discovery" or "at a minimum, significantly clarify issues … thereby making discovery efforts more efficient"); *Grissom v. Palm*, No. 19-3178-EFM-ADM, 2021 WL 147255, at *2 (D. Kan. Jan. 15, 2021) (same).

It also does not appear that discovery could impact resolution of the pending motion to dismiss because it implicates legal issues concerning sovereign immunity and the sufficiency of Jackson's complaint.  *See Arnold*, 2019 WL 2438677, at *3 (discovery is generally not necessary to counter an immunity claim on a motion to dismiss because a plaintiff may "rest[] on facts as alleged in the pleadings"); *see also McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (staying all pretrial proceedings where the defendants raised immunity defenses in a dispositive motion and discovery was not necessary to decide the motion).  Instead, discovery would likely be wasteful and burdensome.  The court will therefore stay discovery and related Rule 26 proceedings[2] until the district judge rules on defendants' pending dispositive motion.

**IT IS THEREFORE ORDERED** that defendants United States of America and the United States Department of Veterans Affairs' Motion to Stay Discovery (ECF 12) is granted.  Discovery and related Rule 26 proceedings, including the obligation to provide initial disclosures, prepare a proposed scheduling order, and attend a scheduling conference, are stayed until the district judge rules on defendants' pending motion to dismiss (ECF 9).

**IT IS FURTHER ORDERED** that, upon the district court's ruling on the pending motion to dismiss, the parties must meet and confer and submit a proposed scheduling order via email to the undersigned's chambers within 14 days of the district judge's ruling.  A form scheduling order is available at *https://ksd.uscourts.gov/civil-forms?open=CivilForms*.  After reviewing the proposed scheduling order, the court will determine whether to set a scheduling conference.

---

[2] The motion to stay does not specifically ask the court to stay related Rule 26 proceedings in addition to discovery, but the court assumes defendants intended to ask for both discovery and Rule 26 proceedings to be stayed in order to maximize the time and expense savings of a stay.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this order to plaintiff Louvenia Jackson via regular mail.

**IT IS SO ORDERED.**

Dated December 9, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
