IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LOUVENIA JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 22-cv-02357-KHV |
| UNITED STATES and THE UNITED ) | |
| STATES DEPARTMENT OF ) | |
| VETERAN AFFAIRS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On September 9, 2022, plaintiff filed suit pro se against defendants, alleging a variety of claims concerning her late brother, Troy Seahorn, and his medical treatment by the Department of Veteran Affairs ("VA"). This matter is before the Court on defendants' Motion To Dismiss, Or In The Alternative, For Summary Judgment (Doc. #9) filed December 1, 2022. For reasons set forth below, the Court sustains defendants' motion to dismiss.

**Factual Background**

The following facts are alleged in plaintiff's complaint and the exhibits attached to her complaint. Applying the appropriate standard for a motion to dismiss, the Court assumes the veracity of well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiffs' favor. Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987); see Zinermon v. Burch, 494 U.S. 113, 118 (1990).

Plaintiff was the conservator and primary caretaker for her brother, Troy Seahorn ("decedent"), who died on November 28, 2018. Decedent was a veteran, suffered from a variety of health conditions and required constant care.

Plaintiff claims that a VA doctor misdiagnosed decedent with congestive heart failure and prescribed a medication that caused lithium poisoning, requiring decedent to undergo emergency dialysis. She also alleges that the VA failed to treat him for head trauma and spinal cord injury and generally neglected to provide him reasonable medical care. The record does not reveal the circumstances of decedent's death, but construing plaintiff's complaint liberally, the Court assumes that plaintiff alleges that the VA's failure to provide reasonable medical care caused decedent's death.

On behalf of herself, her son and her grandchildren, plaintiff also asserts claims arising out of one of decedent's medical appointments with the VA. Plaintiff states that a VA nurse verbally attacked her during the appointment and accused her of trying to put her brother in an institution.[1] Plaintiff states that the nurse made these remarks in front of her grandchildren (aged 8 and 6) and her son (aged 9). Plaintiff states that she was humiliated and highly offended by the allegations that she was mistreating decedent and that the allegations caused distress to the children.

On November 8, 2018, plaintiff submitted two Standard Form 95s ("SF 95s"), Claims for Damage, Injury, or Death, to the VA. Claim For Damage, Injury, Or Death (Doc. #7-2) filed October 18, 2022 at 4; Claim For Damage, Injury, Or Death (Doc. #7-16) filed October 18, 2022 at 4. On April 21, 2021, the VA denied plaintiff's claims, finding no negligent or wrongful conduct. Plaintiff requested reconsideration. On March 9, 2022, the VA denied plaintiff's claims after reconsideration.

---

[1] From the record, it appears that some of plaintiff's family members reported to the VA that plaintiff was mistreating decedent. Plaintiff denies that she mistreated decedent and states that family members wanted to take over his care in order to gain access to his VA benefits. An eventual investigation found that the allegations against plaintiff were not substantiated.

On November 28, 2018, decedent died intestate. During the probate of his estate, over plaintiff's objection, the Leavenworth County District Court appointed Attorney Carol G. Hall administrator of decedent's estate. Order Appointing Administrator (Doc. #10-6) filed December 1, 2022 at 3–5. Decedent was survived by two biological children and one stepchild. Declaration Of Debra Dodd (Doc. #10-4) filed December 1, 2022 at 3.

On September 9, 2022, plaintiff filed this suit against the United States and the VA. Plaintiff claims jurisdiction under the Federal Tort Claims Act, 15 U.S.C. §41 et seq. ("FTCA"). Construed liberally, plaintiff asserts the following claims:

1. On behalf of plaintiff's son and grandchildren, intentional infliction of emotional distress;
2. Wrongful death of decedent;
3. On behalf of decedent, medical malpractice;
4. Defamation;
5. Intentional infliction of emotional distress;
6. Interference with plaintiff's duties as decedent's conservator;
7. Stalking; and
8. Harassment.

On December 1, 2022, defendants filed a Motion To Dismiss, Or In The Alternative, For Summary Judgment (Doc. #9). In seeking dismissal, defendants argue that plaintiff lacks standing for some of her claims, that this Court lacks jurisdiction under the FTCA for some of plaintiff's claims and that plaintiff has failed to state claims for which relief can be granted.[2]

**Analysis**

Plaintiff brings suit pro se. The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). In addition, the Court accepts as true all well-pleaded allegations in the

---

[2] Defendants also argue that plaintiff did not comply with the FTCA's administrative requirements, that the VA is not a proper defendant and that the Court should grant summary judgment. Because the Court sustains defendants' motion to dismiss on other grounds, the Court need not reach these issues.

complaint.  Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007).

Plaintiff's claims arise under the FTCA.  "Through 28 U.S.C. § 1346(b)(1), the FTCA waives sovereign immunity for certain state law tort claims against the United States.  This provision is subject to 28 U.S.C. § 2680(h), which lists exceptions to waiver for various intentional torts."  Garling v. United States Envtl. Protec. Agency, 849 F.3d 1289, 1294 (10th Cir. 2017).

## I.      Emotional Distress To Son And Grandchildren

On behalf of her son and grandchildren, plaintiff seeks to recover for emotional distress which a VA nurse caused by accusing plaintiff of trying to put decedent in an institution.

"In all courts of the United States the parties may plead and conduct *their own* cases personally."  28 U.S.C. § 1654 (emphasis added).  Plaintiff, a pro se litigant, may only assert her own personal rights and interests in federal court and not the rights or interests of others.  Davis v. Schmidt, No. 21-3050, 2021 WL 6102096, at *3 (10th Cir. Dec. 23, 2021).

Plaintiff cannot bring claims asserting the rights and interests of her son or her grandchildren because she cannot assert the personal rights or interests of any other person.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (parent or guardian cannot bring pro se action on behalf of minor child).

The Court therefore grants defendants' motion to dismiss plaintiff's claims for emotional distress for lack of standing to sue on behalf of her son and grandchildren.  See id. at 876 (affirming dismissal for lack of standing where pro se plaintiff brought suit on behalf of minor child).

4

## II. Wrongful Death and Medical Negligence Claims

Construed liberally, plaintiff brings a wrongful death action and a survival action based on defendants allegedly committing negligence in decedent's medical care.

Kansas state law governs plaintiff's claims. 8 U.S.C. § 1346(b)(1); Garling v. United States Environmental Protection Agency, 849 F.3d 1289, 1294 (10th Cir. 2017) ("State substantive law applies to suits brought against the United States under the FTCA.").

Kansas law provides that a wrongful death action must be brought by decedent's heir at law. See K.S.A. § 60–1902. An heir at law is "one who takes by intestate succession." Matter of Estate of Lindskog, 441 P.3d 539, 2019 WL 2237247, at *11 (Kan. Ct. App. May 24, 2019). Under Kansas law, decedent's heirs at law are his children, not his sister. K.S.A. § 59-508 ("If the decedent leaves a child, or children . . . all his or her property shall pass to the surviving child, or in equal shares to the surviving children . . . ."). Plaintiff cannot bring a wrongful death action because she is not decedent's heir at law.

Plaintiff also brings a survival action alleging medical negligence. Under Kansas law, survival claims must be brought by an administrator of decedent's estate. Estate of Smart v. City of Wichita, 2018 WL 534335, at *2 (D. Kan. Jan. 24, 2018) (citations omitted). Here, plaintiff was not the administrator of decedent's estate and she cannot bring a survival action.

For lack of standing, the Court therefore sustains defendants' motion to dismiss plaintiff's wrongful death and medical negligence claims.

## III. Defamation

Plaintiff seeks to recover for allegedly defamatory statements that VA employees made against her, accusing her of trying to institutionalize decedent.

Plaintiff brings her claims under the FTCA, which broadly waives sovereign immunity for

tort claims against the United States. The FTCA provides exceptions, however, to its waiver of sovereign immunity. 28 U.S.C. § 2680. Defamation is one such exception. See 28 U.S.C. § 2680(h) (exempting any claim arising out of libel or slander); Cooper v. American Auto Ins. Co., 978 F.2d 602, 613 (10th Cir. 1992) (Section 2680(h) applies to defamation claims). Sovereign immunity therefore bars plaintiff's defamation claim.

The Court grants defendants' motion to dismiss for lack of subject matter jurisdiction as to this claim. See Estate of Trentadue ex rel. Aguilar v. U.S., 397 F.3d 840, 853 (10th Cir. 2005) (if claim falls within FTCA exception, it must be dismissed for lack of federal subject matter jurisdiction).

## IV. Intentional Infliction of Emotional Distress

Plaintiff also brings a claim for intentional infliction of emotional distress. Plaintiff does not clearly allege whether defendants caused her emotional distress by neglecting decedent's medical care or by defaming her.

If plaintiff's emotional distress claim is based on distress from defamation, her claim is barred by sovereign immunity for the reasons stated above. See 28 U.S.C. § 2680(h) (barring any claim "arising out of" libel or slander); McKinney v. United States, Verizon, Inc., No. 16-CV-01033-RBJ, 2016 WL 6893269 at *5 (D. Colo. Nov. 23, 2016), aff'd sub nom. McKinney v. United States, 724 F. App'x 628 (10th Cir. 2018) (plaintiff's slander, libel and defamation claims against United States barred under 28 U.S.C. § 2680(h), and plaintiff's intentional infliction of emotional distress claim is "similarly barred because it arises out of her slander, libel, and defamation causes of action").

If plaintiff's emotional distress claim is based on medical neglect of her brother, then sovereign immunity does not bar plaintiff's claim. Under Rule 12(b)(6), however, her complaint

6

must still be legally sufficient to state a claim.  Fed R. Civ. Pro. 12(b)(6); Doe v. Woodard, 912 F.3d 1278, 1299 (10th Cir. 2019).  Under Kansas law, intentional infliction of emotional distress requires proof of four elements: (1) defendant's conduct must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) defendant's conduct must cause plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe.  Balmer Fund, Inc. v. City of Harper, 294 F. Supp. 3d 1136, 1151 (D. Kan. Feb. 16, 2018) (citing Roberts v. Saylor, 637 P.2d 1175, 1179 (Kan. 1981)).

Here, plaintiff's complaint is not legally sufficient to state a viable claim that defendants intentionally inflicted emotional distress upon plaintiff by providing inadequate medical care to decedent.  Plaintiff's complaint is devoid of facts from which the Court could conclude that (1) defendants acted with intent to inflict emotional distress on plaintiff, or in reckless disregard of plaintiff; (2) defendants' conduct was extreme and outrageous; (3) defendants' alleged medical misconduct was the cause of mental distress to plaintiff; or (4) plaintiff's mental distress was extreme and severe.

Plaintiff's complaint merely states that she seeks relief for "emotional anguish" and "loss" and her reply reiterates that she suffered "mental pain and emotional distress . . . now that my brother is deceased."  Civil Complaint (Doc. #1) filed September 9, 2022 at 3; Plaintiff's Motion To Oppose A Motion To Dismiss Or Alternative Motion For Summary Judgment (Doc. #23) filed February 13, 2023 at 2.  This blanket statement merely reflects a legal conclusion that plaintiff suffered emotional distress.  Plaintiff does not support this conclusion with factual allegations that when viewed in the light most favorable to plaintiff, sufficiently support a claim for intentional infliction of emotional distress.  See, e.g., Lee v. Reed, 221 F. Supp. 3d 1263, 1274 (D. Kan. 2016) (dismissing complaint alleging plaintiff "suffered extreme emotional distress, embarrassment,

7

shame, humiliation and severe depression"); S. Star Cent. Gas Pipeline, Inc. v. Cline, 754 F. Supp. 2d 1257, 1265 (D. Kan. 2010) (factual allegations that plaintiff experienced helplessness, vulnerability and stress insufficient as matter of law to state claim for intentional infliction of emotional distress).

The Court therefore sustains defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim.

## V.     Impeding Legal Obligation As Conservator

Plaintiff claims that defendants impeded her legal obligation to her brother. Civil Complaint (Doc. #1) filed September 9, 2022 at 3. Defendants correctly argue that plaintiff's complaint merely set forth legal conclusions and cursory statements that defendants impeded her legal obligations to her brother. Memorandum In Support Of Defendants' Motion To Dismiss, Or In The Alternative, For Summary Judgment (Doc. #10) filed December 1, 2022 at 20. As stated above, mere legal conclusions unsupported with factual allegations are insufficient to support a claim.[3]  See Lee, 221 F. Supp. 3d at 1274. The Court therefore sustains defendants' motion to dismiss this claim for failure to state a claim.

## VI.    Stalking and Harassment

Plaintiff claims that VA employees stalked and harassed her, seemingly during the same encounter where a VA nurse accused her of trying to institutionalize decedent. Defendants argue that stalking and harassment are criminal charges and plaintiff cannot assert a civil right of action. Memorandum In Support Of Defendants' Motion To Dismiss, Or In The Alternative, For

---

[3]     Here, in addition, the Court cannot conclude that plaintiff even stated a proper legal conclusion. Plaintiff presents no evidence, and the Court has found no case law, indicating that a proper cause of action exists where a third party impedes the legal obligations of a conservator.

Summary Judgment (Doc. #10) filed December 1, 2022 at 19 (citing Kinney v. Dept. of Justice, 11-4177-JAR, 2012 WL 1327808, at *2 (D. Kan. Apr. 17, 2012)).  Plaintiff's reply does not address this argument, and she has therefore waived the issue.  See, e.g., Palmer v. Unified Gov't of Wyandotte Cty./Kan. City, 72 F. Supp. 2d 1237, 1250–51 (D. Kan. 1999) ("[T]he court deems plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim."); Northcutt v. Fulton, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument.").  The Court therefore sustains defendants' motion to dismiss this claim.

**IT IS THEREFORE ORDERED** that defendants' Motion To Dismiss, Or In The Alternative, For Summary Judgment (Doc. #9) filed December 1, 2022 is **SUSTAINED**.

Dated this 24th day of March, 2023 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge